REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
AUG 19 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| ABA Accredited University, | ) | 1:22cv947 |
| American Bar Association, | ) | |
| Department of Education | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW the Plaintiff, Jane Doe, under Rule 7(b) of Fed. R. Civ. P., and hereby respectfully moves this Court for a Temporary Restraining Order (TRO) against the defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the American's with [Redacted] ([Redacted]), *inter alia*, on an emergency basis, to issue an order to preserve and maintain the status quo by enjoining them immediately, but no later than August 22, 2022, when fall classes are scheduled to start, as follows:

(1) Defendant, ABA Accredited University, from breaching an implied contract, by compelling it to repeal its policy cancelling distance learning announced on July 21, 2022, and compel it to continue distance learning format of delivery of law classes to plaintiff, which has been the format in place for over two years; and

(2) Defendant, ABA Accredited University, to compel it to grant all reasonable [Redacted] for plaintiff's [Redacted] as requested by their doctors; and

(3) Defendant, ABA Accredited University, to compel it to seek and support any waivers from ABA Standards or from the Rules of the NY State Court of Appeals pertaining to the Education of Attorneys and that are necessary in order for it to fully perform under its contractual obligations to educate Plaintiff student via "distance learning"; and

(4) Defendant, ABA Accredited University, to refrain from any further [Redacted] and [Redacted]; and

(5) Defendant ABA Accredited University, to appoint professor or professors as necessary to provide oversight to plaintiff in pursuit of this case, and grant appropriate credit hours of learning experience for this case, consistent with its other stated policies for independent learning.

(6) Defendant, American Bar Association (ABA) from enforcing the newly adopted version of its Standard 306 and 311(e) which prohibits accredited law programs from allowing more than fifteen total credit hours or one third of all credit hours of classes delivered through distance learning as a condition of their accreditation; and

(7) Defendant, United States Department of Education from authorizing ABA to implement and enforce ABA Standard 306 and 311(e) or any standard, which restricts or would restrict the total credit hours of distance learning classes in any given law program, at least as it may pertain to ABA Accredited University's law program, and unlawfully restrict trade in the Commonwealth.

Unless enjoined by this Court, Defendant ABA Accredited University will discontinue distance learning under color of authority (or influence) from the Defendant Department of Education, and other anticompetitive accreditation influences of the American Bar Association, despite ABA Standards 207, 306, and 311(e) permitting the continuation of distance learning for plaintiff.

Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, *pro se* plaintiff respectfully certifies to the Court that on August 16, 2022, plaintiff filed a complaint in this matter. On August 16, 2022, plaintiff proposed to defendant a draft Agreed Order to Preserve the Status Quo. Concurrently with filing, Plaintiff is providing defendants copies of this motion, the proposed TRO, which has the same essential terms proposed as an Agreed to Order (which defendants refused to acknowledge), the memorandum in support of this motion, and declarations and exhibits in support thereof.

There is a substantial likelihood that plaintiff will establish at trial that Defendant ABA Accredited University has violated (1) [Redacted] [Redacted] by refusing to grant reasonable [Redacted] to which plaintiff is entitled, and which would not change the fundamental nature of its program, as well as (2) the contract between plaintiff and ABA Accredited University, among (3) other violations of law. Similarly, there is a substantial likelihood that plaintiff will establish at trial that Defendant DOE has failed to properly and lawfully regulate the ABA by allowing it

to implement distance learning standards which are not rationally related to its stated mission of accrediting law schools.

A Temporary Restraining Order is necessary to preserve the status quo, to prevent the irreparable injury to the plaintiff that would result from effectively disenrolling them from the law school program where plaintiff has, to date performed well, and invested over $118,000 in pursuit of the J.D. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired, if ABA Accredited University is permitted to cancel distance learning service to the plaintiff, and Defendants DOE will refuse to properly regulate ABA by allowing it to implement unconstitutional standards for distance learning, which have a predominantly anti-competitive effect on the legal education marketplace.

Any harm to Defendants from enjoining ABA Accredited University from discontinuing its distance education program, or ABA and DOE from enforcing the distance learning standards, if any can be found, will be outweighed by the actual and potential discriminatory effects of discontinuing distance learning.

Any harm to Defendants from enjoining DOE and ABA from enforcement of Standards 306 or 311(e), or compelling them to grant plaintiff relief from the standard, by granting ABA Accredited University relief from those standards, pursuant to the [Redacted] exception in Standard 306 and Standard 207, generally.

Granting the requested preliminary relief will serve the public interest.

This Court has authority under [Redacted] and other laws described in the accompanying Memorandum of Law, to issue the requested preliminary relief on plaintiff's showing that they qualify for this [Redacted] for the [Redacted], if not simply as specific performance to remedy the breach or anticipated breach of contract.

Pursuant to Federal Rule of Civil Procedure 65(c), plaintiff requests the court waive any bond as a prerequisite to the issuance of an injunction, as plaintiff, if approved, will be proceeding *in forma pauperis*, and the Defendants will suffer no real harm from the injunction, even if they are somehow found later to have been wrongfully enjoined.

This Emergency Motion is supported by a concurrently filed Memorandum of Plaintiff in Support of Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the plaintiff's proposed Temporary Restraining Order, and supporting declarations.

Pursuant to Rule 78(b) of Fed. R. Civ. P. and Local Rule 7(J), the plaintiff requests that the Court decide this motion without a hearing. These rules provide that the Court may rule upon motions without an oral hearing. Plaintiff is unsure if the Court will docket this on short notice but will plan to appear in court on August 19, 2022 at the 10 a.m. Motions docket to see if the Motion can be heard.

WHEREFORE, the plaintiff prays that the Defendants and all persons acting on their behalf be enjoined as to Defendant ABA Accredited University from discontinuing distance education to the plaintiff, and as to DOE and ABA as described above, pending entry by the Court of a final judgment in this action. The grounds for this Motion are fully set forth in the simultaneously-filed memorandum of law in support of the Motion.

Respectfully submitted this 18th day of August, 2022.

/s/ Jane Doe

# *PRO SE* LITIGANT CERTIFICATION

**PURSUANT TO LOCAL RULE 83.1(M)**

**Each document filed with the court by a *pro se* litigant shall bear the following certification: CERTIFICATION**

I declare under penalty of perjury that, notwithstanding my objection to the requirement, that no attorney has prepared, or assisted in the preparation of this pleading.

## CERTIFICATE OF SERVICE

I certify that on August ~~18th~~ 19, 2021, I have filed the foregoing document, **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** with the clerk of the U.S. District Court, Eastern District of Virginia, for filing and for preparation of the summons to be picked up and served on Defendants via private process server.

Additionally, I certify that on August ~~18th~~ 19, 2022, I have served a true copy of this Complaint via email on defendant's agents, officers or counsel as follows:

To ABA Accredited University, President Susan [Redacted] at Susan.[Redacted]@ABA Accredited University.edu, and Dean of the ABA Accredited University, ABA Accredited University School of Law, Dean [First Name Redacted] [Redacted], at [First Name Redacted].[Redacted]@ABA Accredited University.edu., and/or to their address at ABA Accredited University, ABA Accredited University School of Law, 1000 [City Redacted] Tpke, [City Redacted], NY 11549.

To Defendant American Bar Association, Accreditation Counsel, Section of Legal Education and Admissions to the Bar, Ms. Kirsten M. Winek, J.D., Ph.D. at kirsten.winek@americanbar.org, and/or to her mailing address, American Bar Association, 321 North Clark Street, Chicago, IL 60654

To Defendant, United States Department of Education, Office of Higher Education, Mr. Herman Bounds at herman.bounds@ed.gov, and/or at the main mailing address, US Department of Education, Office of General Counsel, 400 Maryland Avenue, S.W. Room 6E300, Washington, DC 20202-2111, and/or also to the United States Attorney General, Main Justice Building, 10th & Constitution Ave, NW Washington, DC 20530, and the local US Attorneys Office, United States Attorney for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria VA 22314.

Service will be made to or at the addresses once a stamped copy is received from the court with the summons.

By: /s/ Jane Doe