REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
AUG 19 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Jane Doe, a pseudonym, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| ABA Accredited University, American Bar Association, Department of Education | ) | 1:22cv947 |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE RELIEF TO FILE SUIT BY PSEUDONYM, TO EXCEED PAGE LIMITS, AND TO FILE ELECTRONIC DOCUMENTS VIA USB**

## INTRODUCTION

Plaintiff, a rising second year law student, seeks permission to sue defendants ABA Accredited University (ABA Accredited University), the American Bar Association (ABA), and the United States Department of Education (DOE) under the pseudonym, 'Jane Doe', rather than in their true name, and to Defendant ABA Accredited University as 'ABA Accredited Law School'. While naming a party by a pseudonym is the exception to the rule that the complaint must name the parties, it is easily justified here. In cases such as this involving a party who is at risk of public exposure and [Redacted] due to the nature of the complaint, the disproportionate financial and political power of the parties involved, and the potential for harm to a party, courts routinely allow the party to be named by a pseudonym. Plaintiff has submitted a declaration that establishes that plaintiff is a law student with a [Redacted] taking law classes from Virginia, and who is seeking to challenge the law school's sudden decision on July 21, 2022 to prohibit students from taking their classes in a distant learning format less than a month before the start of

the fall semester. Since the start of the COVID-19 pandemic and when Plaintiff began the law program, classes have been provided via zoom meeting technology. ABA Accredited University has, to date, arranged for final exams to be taken at plaintiff's and other students' own residences using specialized proctoring software. At later times, and without real justification, ABA Accredited University required the exams to be taken on campus or at other law schools near plaintiff's residence without having disclosed any genuine reason for the change. ABA Accredited University's decision to discontinue the distance learning program is purportedly based, in part, on an ABA accreditation standard, the constitutionality of which is being challenged in this action.

The plaintiff's declaration further explains the harms that could come from the disclosure of plaintiff's true name identification as a student making claims of wrongdoing against the university, the ABA, and the DOE. The Council for the ABA Section for Legal Education and Admissions to Bar is recognized by the U.S. Department of Education (DOE) as the national accrediting agency for programs leading to the J.D. In this function, the Council and the Section are independent of the ABA, as required by DOE regulations. All state supreme courts recognize ABA-approved law schools as meeting the legal education requirements to qualify for the bar examination; forty-six states limit eligibility for bar admission to graduates of ABA-approved schools. Therefore, ABA is the primary if not sole accreditation authority for United States law schools and a law degree from a non-accredited school is of unknown value. The public interest and Plaintiff's interests also weigh in favor of permitting the use of a pseudonym in this case, for if the motion is denied, it would deter plaintiff from seeking legal relief to which they are entitled from the courts. Accordingly, the Court should grant the Plaintiff's motion.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Contemporaneous with this motion, plaintiff, Jane Doe, filed a civil action for fraud, breach of contract, [Redacted], [Redacted], unjust enrichment, conversion, and breach of contract by ABA Accredited University, along with a Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction (PI) against defendants to enjoin them from engaging in certain conduct. The injunction sought against ABA Accredited University would prohibit it from discontinuing its distance education program, which it intends to do as part of a fraudulent scheme in which they have: (1) advertised a distance learning program nationwide, accepted plaintiff and others into the distance learning program and received considerable tuition money, (3) offered the distance learning, (4) and now intend to unilaterally change the terms of the education after accepting approximately $118,000 of tuition and fees from plaintiff to deny plaintiff and apparently other students with a reasonable opportunity to complete the program under the distance learning education model.

The complaint also includes as parties defendant, the ABA and the DOE, for their respective parts in implementing and enforcing what plaintiff alleges are unconstitutional "distance learning" standards on their face, and as applied, namely, ABA Standards 306 and 311(e). The standards being challenged effectively limit the total allowed number of hours of "distance learning" credits to one third of total credit hours required for the J.D., as a condition of the law program's accreditation. These standards were repealed and revised in the aftermath of COVID-19, as universities scrambled to implement new policies and procedures to accommodate distant learning and maintain their revenue and legal education services. The ABA will likely rely on Higher Education Act of 1965, § 496(f), as amended, 20 U.S.C.A. § 1099b(f), as giving it the authority to enact such standards, however, plaintiff contends that it

does not give it an unlimited authority to enact any standard which is not even rationally related to its stated mission of accrediting law schools, producing professional lawyers of sufficient qualify, or any possible legitimate governmental action.

Now that the universities, such as ABA Accredited University, have implemented capabilities to deliver distance learning education, prior to and during COVID, many of them, including ABA Accredited University, apparently seek to roll back the capabilities they have already adopted and implemented. While ABA Accredited University Law has not disclosed its reason for doing so, it must be acknowledged that it has an interest in protecting its "brick and mortar" business model to justify its large investment in physical infrastructure, and playing its part as a member of the legal community, to minimize future competition in the industry by maintaining barriers to entry, such as the distance learning standard. Plaintiff contends the motivations for the adoption of these standards are improper, not rationally related to any state interest, and are harmful to members of the public seeking entry into the legal community, as well as to the public at-large which has an interest in society having the most competent legal practitioners - which can only come from unimpeded competition in legal education. The complaint alleges that ABA Accredited University, by discontinuing its distance education program - which it announced as its final policy on July 21 - 2022, when it did, in the middle of the plaintiff's degree program, leaving plaintiff with only weeks to plan, before the fall semester is scheduled to begin, breached defendants' contractual obligations and common law duties to the plaintiff. Worse yet, defendant ABA Accredited University, located in New York, waited until after the plaintiff accepted admission into the program, before informing plaintiff, a Virginia resident, that it sought to discontinue the distance learning program. Knowing that this issue loomed unresolved, it maliciously waited until July 21, 2022, in breach of its duty of god

faith and fair dealing, and cooperation, and actually perpetrated and intends to further perpetrate its sophisticated fraud against plaintiff. Even if cancelling the distance learning in and of itself can be justified in the minds of the university officials, there is no justification for ABA Accredited University's conduct in concealing its intent, refusing to cooperate to provide alternative options (like visiting student option described separately herein), and acting in a deceptive and unprofessional manner. ABA Accredited University's refusal to provide reasonable [Redacted] for the plaintiff's [Redacted], even though those requested [Redacted] are allowed for by the ABA pursuant to its standards, is discriminatory and is also evidence of its retaliatory conduct against plaintiff for their asserting their rights under law and under the parties' contract.

The Dean and Associate Deans of the school were also made aware that plaintiff was unable relocate to NY due to unique family obligations in Virginia, however ABA Accredited University provided the distance learning to plaintiff for thirty-nine (39) of the eighty-seven (87) credits required for completion of the program, only then to disclose what it intended to do from the beginning, that is, unilaterally change the terms and conditions of the contract, thereby fraudulently denying the plaintiff the true value of the degree for which they have been paying enormous amounts of money. This is the essence of the fraud claim, which is further elaborated on herein.

The new rule adopted by the ABA allows for exceptions to its distance learning limits to accommodate disabilities, and plaintiff has provided medical documentation in support of their request for due [Redacted], including distance learning as it relates to their [Redacted]. However, ABA Accredited University refuses to engage in any substantive dialogue about Plaintiff's special needs and extraordinary circumstances which require the continuation of the distance

education services. ABA Accredited University has already developed capabilities to provide the distance learning, and can continue to do so without incurring any additional costs or degradation in services to other students. Continuing to provide the distance learning format of classes to plaintiff, as it is obligated to do, to avoid fraudulent conversion of the tuition money, will not change the fundamental nature of the program, nor will it cause an undue burden in cost or administration of the J.D. program at ABA Accredited University.

Plaintiff alleges defendant ABA Accredited University also violates the Virginia Consumer Protection Act and various constitutional and statutory anti-competition laws, including the Sherman Act, by conspiring with other law schools and the ABA/DOE to unlawfully and unreasonably limit competition in the legal education industry.

Declaration of Plaintiff, Jane Doe, at ¶¶ 1-246, attached hereto as Doe Decl., is incorporated into the brief as if fully set-forth herein.

## ARGUMENT

### I. USE OF A PSEUDONYM IN THIS CASE IS NECESSARY TO GUARD AGAINST THE PUBLIC DISCLOSURE OF PLAINTIFF'S IDENTITY.

Rule 10(a) of the Fed. R. Civ. P. states that "[t]he title of the complaint must name all the parties." However, a district court has discretion to permit parties to proceed anonymously where [Redacted] or confidentiality concerns require it. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Courts routinely allow parties to proceed by a pseudonym in litigation. See, e.g., *Chris v. Tenet*, 221 F.3d 648,649 n. I (4th Cir. 2000).

When determining whether to allow a party to sue or be sued anonymously, courts balance the party's interest in anonymity against any public interest in disclosure and any

prejudice to the other side. See, *e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In *Jacobson*, the Fourth Circuit addressed whether the plaintiffs could proceed anonymously in the trial of their medical malpractice/fraud action against a fertility doctor who allegedly used their own sperm to impregnate a patient, rather than the patient's husband's sperm. The plaintiffs sought to proceed anonymously to protect the [Redacted] of their children who resulted from the doctor's misconduct and who had not yet been told that the doctor was their biological father. The Fourth Circuit identified the following factors relevant to the facts of that case to guide a district court's exercise of its discretion in ruling on an anonymity request: whether the justification for the request is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve [Redacted] in a sensitive matter; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties; the ages of the persons whose [Redacted] interests are sought to be protected; whether the action is against a governmental or private party; and the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Jacobson*, 6 F.3d at 238. This list of factors was not meant to be exhaustive. *Id.* (listing these five factors after stating "[a]mong [the factors] are the following that have relevance to this case"). Rather, the particular facts of a case may make one or more factor irrelevant and may suggest additional relevant factors. *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004). Other courts have noted that whether identification risks harm other than physical or mental harm, and the likely severity of those harms, may be relevant factors as well. *Sealed Plaintiff*, 537 F.3d at 190; *Advanced Textile Corp.*, 214 F.3d at 1068.

The declaration submitted by Plaintiff establishes the harm that could come from officially acknowledging Plaintiff's true name. By disclosing Plaintiff's identity, he/she would

be at risk, of not just annoyance and criticism, but rather at risk of adverse actions being taken by employees at the law school, at other law schools, should he/she need to apply to transfer schools, and even further into their career as an attorney, by law firms and other attorneys. It is well known that by limiting the number of professionals in an industry, the existing professionals in the industry benefit from less competition. What is more concerning in this case is that, by indicating its intent to reestablish the distance education limit, the A.B.A. standards committee is already acting in a protectionist manner. Similarly, by refusing to collaborate with plaintiff on a workable solution for their need for distance education, even after charging Plaintiff over $118,000, ABA Accredited University demonstrates that it will place its motives and protectionist policies above its obligations to its students. If plaintiff proves, as they allege, that this "standard" is being used as a protectionist tool of the industry and its practitioners, to require students to be in-person, for the sole benefit of making it more difficult for students of diverse circumstances to attend, and out of concern that the future of their "brink and mortar" "in-person" business model could be at risk, then they have motive to retaliate, for what is effectively a whistleblower type assertion by the Plaintiff. In fact, the university has already [Redacted] by refusing to engage in any discussion regarding a plan which would allow plaintiff to complete the program, after plaintiff expressed concern about the illegality of the school's practice and the ABA standards, contrary to its duty to cooperate and of good faith and fair dealing.

These substantial potential harms from officially acknowledging plaintiff's true name justify permitting the plaintiff to sue defendants by a pseudonym. *See Sealed Plaintiff*, 531 F.3d at 190; *Advanced Textile Corp.*, 214 F.3d at 1068. *Cf Jacobson*, 6 F.3d at 238 (factors to weigh include whether anonymity is necessary to preserve [Redacted] in a sensitive matter and whether

identification poses risk of harm). These harms clearly exceed the mere annoyance or embarrassment that may attend any litigation. Indeed, this is a particularly strong case for permitting the use of a pseudonym because all the relevant interests point to allowing the use of a pseudonym. *See Advanced Textile Corp.*, 214 F.3d at l069 (permitting use of pseudonym where no factors weighed against concealing plaintiffs' identities). In this case, the public interest weighs in favor of permitting defendant to be named by a pseudonym, rather than requiring that they be sued in their true name, because the public has a significant interest in the proper regulation of the legal industry, including the standards, as well as ensuring law students will not be subject to [Redacted] from attempting to make the legal profession more accessible to future practitioners. Rather than prejudicing defendant, allowing this action to proceed by plaintiff anonymously actually benefits defendant. Nor is defendant's true name relevant to the prosecution or defense of this case. Defendant's relationship with ABA Accredited University is relevant, but that can be established using a pseudonym. See *Tenet v. Doe*, 544 U.S. I, 10 n. 5 (2005).

For all of these reasons, the Court should grant the plaintiff's request to sue defendant by pseudonym, Jane Doe. *See Chris*, 221 F.3d at 649 n. 1 (4th Cir. 2000); *Peary*, 365 F. Supp. 2d at 716 n. 1; *Tilden*, 140 F. Supp. 2d at 624 n. 1. *See also XCorp. v. Doe*, 805 F. Supp. 1298, 1300 n. 1 (E.D. Va. 1992) (noting that in case brought to prevent plaintiff corporation's former in-house counsel from disclosing confidential information and documents retained by him following their discharge, pseudonyms were used to prevent possible disclosure of confidential information).

Consistent with this request, the plaintiff requests that the Court order that the parties and any third party who makes a filing shall redact plaintiff's true name and any identifying

information from all documents filed on the public record in this case to protect against the public disclosure of their identity.

## II. THE COURT SHOULD DECIDE THIS MOTION WITHOUT A HEARING.

Pursuant to Rule 78(b) of Fed. R. Civ. P. and Local Rule 7(J), the plaintiff requests that the Court decide this motion without a hearing. These rules provide that the Court may rule upon motions without an oral hearing. As noted above, the plaintiff seeks the Court's permission to sue defendant under a pseudonym. If the Court grants the instant motion, the plaintiff intends to serve defendant with the complaint, a copy of this motion and the motions for a temporary restraining order and preliminary injunction, and a copy of the order granting this motion, and to file a proof of service with plaintiff's pseudonym. Defendants would then have an opportunity to challenge the order granting the motion if they so choose.

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that the Court (1) grant it permission to sue defendant under pseudonym as Jane Doe and file sensitive information under seal; and (2) order that the parties and any third party who makes a filing in this case shall redact defendant's true name and any identifying information from all documents filed on the public record; and (3) order that the parties not to disclose plaintiff's true name to its internal staff unless first seeking the court's permission based on necessity, beyond President Susan [Redacted] and Dean [First Name Redacted] [Redacted] of ABA Accredited University, Kristen Winek and Beverly Holmes, Section of Legal Education and Admissions to the Bar, American Bar Association, and Herman Bounds, Section of Legal Education, Department of Education, or each's respective designated representative.

Lastly, plaintiff respectfully requests leave to exceed page limits, as there was insufficient time to fully edit the documents given the minimal legal training and urgent nature of this request, and to file electronic documents via USB, to avoid extensive costs, which plaintiff cannot afford, and wasting paper. Plaintiff believes local rules of court may be waived by court for good cause shown. Signature

Respectfully Submitted,

By: /s/ Jane Doe

## *PRO SE* LITIGANT CERTIFICATION

**PURSUANT TO LOCAL RULE 83.1(M)**

**Each document filed with the court by a *pro se* litigant shall bear the following certification: CERTIFICATION**

I declare under penalty of perjury that, notwithstanding my objection to the requirement, that no attorney has prepared, or assisted in the preparation of this pleading.

## CERTIFICATE OF SERVICE

I certify that on August ~~18th~~ 19, 2021, I have filed the foregoing document, **MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE RELIEF TO FILE SUIT BY PSEUDONYM** with the clerk of the U.S. District Court, Eastern District of Virginia, for filing and for preparation of the summons to be picked up and served on Defendants via private process server.

Additionally, I certify that on August ~~18th~~ 19, 2022, I have served a true copy of this Complaint via email on defendant's agents, officers or counsel as follows:

To ABA Accredited University, President Susan [Redacted] at Susan.[Redacted]@ABA Accredited University.edu, and Dean of the ABA Accredited University, ABA Accredited University School of Law, Dean [First Name Redacted] [Redacted], at [First Name Redacted].[Redacted]@ABA Accredited University.edu., and/or to their address at ABA Accredited University, ABA Accredited University School of Law, 1000 [City Redacted] Tpke, [City Redacted], NY 11549.

To Defendant American Bar Association, Accreditation Counsel, Section of Legal Education and Admissions to the Bar, Ms. Kirsten M. Winek, J.D., Ph.D. at kirsten.winek@americanbar.org, and/or to her mailing address, American Bar Association, 321 North Clark Street, Chicago, IL 60654

To Defendant, United States Department of Education, Office of Higher Education, Mr. Herman Bounds at herman.bounds@ed.gov, and/or at the main mailing address, US Department of Education, Office of General Counsel, 400 Maryland Avenue, S.W. Room 6E300, Washington, DC 20202-2111, and/or also to the United States Attorney General, Main Justice Building, 10th & Constitution Ave, NW Washington, DC 20530, and the local US Attorneys Office, United States Attorney for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria VA 22314.

Service will be made to or at the addresses once a stamped copy is received from the court with the summons.

By: /s/ Jane Doe