IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-947 (PTG/JFA) |
| ) | |
| ABA ACCREDITED UNIVERSITY, ) | |
| AMERICAN BAR ASSOCIATION, and ) | |
| DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (Dkt. 4, "Emergency Motion"), filed on August 19, 2022. For the reasons that follow, the Court DENIES the Emergency Motion.

On Friday, August 19, 2022, Plaintiff filed an Emergency Motion to compel Plaintiff's law school, identified as "ABA ACCREDITED UNIVERSITY," to: (1) continue distance learning; (2) seek a waiver from the American Bar Association ("ABA") Standards or from the Rules of the New York State Court of Appeals pertaining to the education of attorneys; (3) appoint a professor or professors to oversee the instant case and "grant appropriate credit hours of learning experience [toward Plaintiff's law degree] for this case."[1] Plaintiff's Emergency Motion also seeks to enjoin the ABA from enforcing certain aforementioned standards which limit the number of credit hours accredited law schools offer through distance learning and enjoin the Department of Education from authorizing the ABA to implement and enforce these standards.

---

[1] The Court acknowledges that Plaintiff makes an additional request for relief that was redacted in the Emergency Motion.

1

Plaintiff, who is *pro se*, filed multiple pleadings and supporting documentation. *See* Dkts. 1–13. Plaintiff's submissions were not properly organized at the time of filing and violated several of the Court's Local Rules and the Federal Rules of Civil Procedure. *See* Local Rules 5 (stating that "[a] party filing a document or a portion of a document under seal pursuant to a governing statute, rule, or order shall note on the face of the document that it or a portion of it is being filed under seal pursuant to a statute, rule, or order"), 7 (providing that opening briefs shall not exceed thirty (30) pages, "[e]xcept for good cause shown in advance of filing"). Because of the way Plaintiff's papers were submitted, it was difficult for the Court to evaluate Plaintiff's many claims and arguments. Additionally, both the redacted and sealed versions of the "Verified Complaint" (Dkt. 1) and "Declaration" (Dkt. 1-4) were signed as "Jane Doe" instead of with Plaintiff's true name.

Federal Rule of Civil Procedure 65 authorizes federal courts to issue preliminary injunctions and temporary restraining orders ("TROs"). Rule 65(b)(1) states: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the movant must establish (1) that they are likely to succeed on the merits, (2) that the balance of equities tips in the movant's favor, and (3) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The failure to show any one of the relevant factors mandates denial of the preliminary injunction." *Parson v. Alcorn*, 157 F. Supp. 3d 479, 491 (E.D. Va. 2016).

The purpose of notice to the nonmoving party is to give that party the opportunity to be heard. *See Jones-El v. Wright*, No. 2:16-cv-502, 2016 WL 11635719, at *1 (E.D. Va. Oct. 27, 2016) (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10-cv-23, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) (Rule 65(b) requirements "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."). "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). Thus, a TRO is an extraordinary remedy "to be granted only sparingly." *Parson*, 157 F. Supp. 3d at 490 (quoting *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 590–91 (E.D. Va. 2008)).

From what can be discerned from Plaintiff's submission, no such extraordinary circumstances exist. Plaintiff alleges that on July 21, 2022 ABA Accredited University "announced a new final policy to discontinue the distance learning option." Verified Compl. ¶ 15. Plaintiff alleges in the Emergency Motion that classes begin for the fall semester on August 22, 2022. Dkt. 4 at 1. Plaintiff gives no explanation as to why Plaintiff waited until the Friday before the Monday classes commence—one month after the law school's announcement of its new policy—to file this Emergency Motion. By waiting to file, Plaintiff denied Defendants the ability to be heard.

Additionally, Plaintiff has pleaded no facts in the Verified Complaint or Declaration that "clearly show" Plaintiff will suffer "immediate and irreparable injury, loss, or damage" before Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Plaintiff alleges that, should this Court deny the Emergency Motion, Plaintiff will suffer "immediate and irreversible injury, loss, or damage" in the form of being "effectively disenroll[ed]" from the law school program.

Dkt. 4 at 3. Plaintiff provides insufficient facts to support this assertion; Plaintiff simply repeats that "Plaintiff will sustain an immediate and irreparable injury if not allowed to start the semester on August 22, 2022" and alleges that "a price cannot be put on Plaintiff's career or legal education." Dkt. 5 at 81–82.

Therefore, Plaintiff's Emergency Motion for Temporary Restraining Order (Dkt. 4) is hereby DENIED.

Further, Plaintiff's Memorandum in Support of Preliminary Injunction (Dkt. 7) is not in compliance with Local Rule 7(f) of the Eastern District of Virginia. It is hereby

ORDERED that Plaintiff's Memorandum in Support of Preliminary Injunction (Dkt. 7) is STRICKEN. It is further

ORDERED that Plaintiff shall file a revised Memorandum in Support of Preliminary Injunction (Dkt. 7) in compliance with all Local Rules of the Eastern District of Virginia and the Federal Rules of Civil Procedure no later than Wednesday, August 24, 2022. Plaintiff is further DIRECTED to confer with Defendants and notice a hearing for the preliminary injunction on an agreed-upon date.

It is so ORDERED.

Dated: August 22, 2022

Patricia Tolliver Giles
United States District Judge