**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>ABA ACCREDITED UNIVERSITY, AMERICAN BAR ASSOCIATION, and DEPARTMENT OF EDUCATION,<br><br>Defendants. | ) | Case No. 1:22-cv-947 (PTG/JFA) |

**ORDER**

THIS MATTER is before the Court on Plaintiff's "Emergency Motion for Reconsideration, or, in the Alternative Emergency Certification for Interlocutory Appeal" ("Instant Motion") (Dkt. 20), filed on August 24, 2022. For the reasons that follow, the Court DENIES the Instant Motion.

As an initial matter, the Court addresses Plaintiff's request that the Court review the Instant Motion on an "emergency" basis. The term "emergency" should not be used lightly. Indeed, referring to the Instant Motion as an "emergency" asks the Court to abandon other pressing matters to focus on the pending "emergency." "The Court generally prioritizes resolution of those motions that have been pending for a longer period of time in the interest of fairness to all parties, which it cannot do if it is called upon to resolve what is presented as an emergency motion." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Here, the Instant Motion does not present an emergency that requires the Court's immediate attention, and characterizing it as an "emergency" motion risks fairness to the parties that have pending matters before this Court.

On August 19, 2022, Plaintiff, proceeding *pro se*, filed an "Emergency Motion for Temporary Restraining Order" (Dkt. 4) to compel Plaintiff's law school, identified as "ABA

ACCREDITED UNIVERSITY"[1] to: (1) continue distance learning; (2) seek a waiver from the American Bar Association ("ABA") Standards or from the Rules of the New York State Court of Appeals pertaining to the education of attorneys; (3) grant all reasonable accommodations for Plaintiff's disability; and (4) appoint a professor or professors to oversee the instant case and "grant appropriate credit hours of learning experience for this case" towards Plaintiff's law degree. Dkt. 5 at 1–2. The Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2). The Court denied both Motions (Dkts. 14, 15). The Court found that Plaintiff had failed to plead facts clearly showing Plaintiff would suffer "immediate and irreparable injury, loss, or damage" before Defendants can be heard in opposition, and thus, had failed to establish a need for the "extraordinary remedy" of a temporary restraining order ("TRO") without notice to Defendants. Fed. R. Civ. P. 65(b)(1)(A); *Parson v. Alcorn*, 157 F. Supp. 3d 479, 490 (E.D. Va. 2016). The Court also ordered Plaintiff to comply with the Court's Local Rules and the Federal Rules of Civil Procedure.

In the Instant Motion, Plaintiff seeks (1) reconsideration of the Court's denial of Plaintiff's Motion for Temporary Restraining Order (Dkt. 14); (2) reconsideration of the Court's denial of Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 15); and (3) certification for interlocutory appeal.[2]

[1] Plaintiff's Motion also sought to enjoin the American Bar Association ("ABA") from enforcing certain standards which limit the number of credit hours accredited law schools offer through distance learning and enjoin the United States Department of Education from authorizing the ABA to implement and enforce these standards.

[2] Plaintiff also seeks reconsideration of "the Court's decision not to immediately grant relief requested in Plaintiff's Motion to File Under Pseudoynm, to Exceed Page Limits, and to File Electronically Using USB." Dkt. 22 at 3. Because the Court has not issued an order on these motions (Dkts. 3, 8, 10), the Court cannot entertain such a motion for reconsideration.

Reconsideration of a previous decision is "only appropriate" where (1) the court has "patently misunderstood a party," (2) the court "has made a decision outside the adversarial issues presented," (3) the court "has made an error not of reasoning but of apprehension," or (4) "a controlling or significant change in the law or facts" has occurred since the parties submitted the issue. *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion to reconsider is not an opportunity for a litigant to "re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Wootten v. Commonwealth*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

Plaintiff fails to articulate a cognizable basis for reconsideration of the Court's denial of a TRO. Plaintiff has not presented new or different facts, or shown that there has been a controlling or significant change in the law since the filing of Plaintiff's first Motion. Plaintiff has also not shown that the Court, in its August 22, 2022 Order denying a TRO, made an error of apprehension, made a decision outside of the adversarial issues presented, or misunderstood Plaintiff's arguments when it ruled. In the Instant Motion, Plaintiff merely restates earlier arguments as to irreparable harm: that Plaintiff will be "forced to disenroll" from law school, which will cause Plaintiff to lose Plaintiff's student loans, and that "a price cannot be put on Plaintiff's career or legal education." Dkt. 22 at 9. Plaintiff also makes conclusory statements that Plaintiff's underlying claims are likely to succeed on the merits and focuses on the alleged "bad faith conduct" of Defendants. *See* Dkt. 22 at 7–8. Thus, the Court finds the present circumstances do not warrant reconsideration of its August 22, 2022 Order denying a TRO.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* was filed under seal and as a result, the Court's Order denying Plaintiff *in forma pauperis* status was sealed. *See* Dkts. 2, 15. Accordingly, the Court addresses Plaintiff's request to reconsider the denial in a separate under seal order.

Plaintiff also seeks, in the alternative, certification for an interlocutory appeal. The Court similarly denies this request. Plaintiff fails to demonstrate that "exceptional circumstances" exist to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). Importantly, Plaintiff does not meet the relevant standard for certification of an interlocutory appeal, which requires that the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff merely alleges that "[w]hether the plaintiff qualifies for the TRO and the other relief sought is a controlling question of law." Dkt. 22 at 14. However, whether Plaintiff meets the requirements for a TRO does not present "a narrow question of pure law" suitable for interlocutory appeal. *Fannin v. CSX Transp., Inc.*, No. 88–8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989). Plaintiff also fails to show that the controlling issue of law presents a substantial ground for difference of opinion. Plaintiff instead argues that there is a substantial ground for difference of opinion as to "whether distance learning restrictions are necessary or appropriate." Dkt. 22 at 15. This claim is inapposite because it is unrelated to the "controlling question of law" that Plaintiff identifies. Accordingly, it is hereby

ORDERED that Plaintiff's "Emergency Motion for Reconsideration, or, in the Alternative Emergency Certification for Interlocutory Appeal" (Dkt. 20) is DENIED. It is further

ORDERED that Plaintiff re-submit the motion for a preliminary injunction, if Plaintiff intends to pursue such relief, confer with Defendants, and notice a hearing for the preliminary injunction expeditiously.

It is so ORDERED.

Dated: September 14th, 2022

/s/
Patricia Tolliver Giles
United States District Judge