IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22cv0947 (PTG/JFA) |
| ) | |
| ABA ACCREDITED UNIVERSITY, ) | |
| AMERICAN BAR ASSOCIATION, and ) | |
| DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**



On August 19, 2022, a complaint was filed under the pseudonym Jane Doe alleging various claims against an ABA Accredited University, the American Bar Association, and the Department of Education. (Docket no. 1). Along with the filing of the complaint, plaintiff filed a motion to proceed *in forma pauperis* (Docket no. 2), a motion to file complaint and proceed under a pseudonym (Docket no. 3), a motion for a temporary restraining order (Docket no. 4), a motion for a preliminary injunction (Docket no. 6), a motion to exceed page limitations (Docket no. 8), a motion to file electronic documents by USB drive (Docket no. 10), and a motion for *pro se* electronic noticing (Docket no. 12). On August 22, 2022, an order was entered denying the motion for a temporary injunction and striking the memorandum in support of the preliminary injunction. (Docket no. 14). In that order plaintiff was instructed to file a revised memorandum that complied with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court by August 24, 2022 and to confer with the defendants and agree on a date for a hearing on the motion for preliminary injunction. *Id.* On August 23, 2022, an order was entered denying plaintiff's motion to proceed *in forma pauperis*. (Docket no. 15).

1

On August 24, 2022, plaintiff withdrew the motion for a preliminary injunction (Docket no. 16) and filed a motion requesting that the Court reconsider its earlier rulings denying the motion for a temporary restraining order, striking the memorandum in support of the motion for a preliminary injunction, and denying the motion to proceed *in forma pauperis*. (Docket no. 20). On September 14, 2022, orders were entered denying plaintiff's motions for reconsideration and plaintiff was instructed to resubmit the motion for preliminary injunction if plaintiff intends to pursue such relief and to file the required filing fee within 14 days. (Docket nos. 27, 28). On October 6, 2022, plaintiff filed a motion to vacate the September 14, 2022 Order denying his motion to proceed *in forma pauperis* or for a stay pending appeal. (Docket no. 34).

On September 1, 2022, plaintiff filed a notice of appeal concerning the Orders (Docket nos. 14, 15) denying his motion for a temporary restraining order, striking his memorandum in support of the motion for a preliminary injunction, and denying his motion to proceed *in forma pauperis*. (Docket no. 24). While a notice of appeal ordinarily operates to transfer jurisdiction of the case to the court of appeals, the filing of an appeal from an interlocutory order such at a motion for a temporary restraining order or preliminary injunction does not divest the district court with jurisdiction to proceed with respect to matters not involved in the appeal. *See Arkansas Best Corp. v. Carolina Freight Corp.*, 60 F. Supp.2d 517, 519 (W.D. N.C. 1999). For that reason, the Court will proceed to address several of the pending motions that are not involved in the appeal.

**Motion to Proceed Under Pseudonym (Docket no. 3).**

Plaintiff seeks to proceed under the pseudonym Jane Doe and has named one of the defendants under the pseudonym ABA Accredited University. Plaintiff wants to proceed without disclosing plaintiff's true name because of the potential of "national attention" and the

desire to protect certain private, medical, religious, and family related information. (Docket no. 3).

Federal Rule of Civil Procedure 10(a) requires all parties to be named in the complaint and Federal Rule of Civil Procedure 5.2 provides for the protection of certain personal information by allowing specific information to be filed under seal and redacted from the public filing. While a case in federal court typically proceeds with the parties identified by their actual names, the Fourth Circuit has, in special circumstances, allowed a party to proceed under a pseudonym. The leading case on this issue is *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) in which the Court established the following five-part test:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

A review of these five factors reveals that plaintiff's motion should be denied. First, plaintiff's concern about national interest falls within the category of merely seeking to avoid annoyance and criticism that may attend the litigation. Any legitimate concerns involving highly sensitive, personal information can be addressed through redacting that specific information in public filings. *See* Local Civil Rule 5. There is no evidence that plaintiff or defendant ABA Accredited University faces a risk of retaliatory physical or mental harm. Plaintiff is a college graduate, has completed at least one year of legal education, and is not a minor. This action is against a University, the American Bar Association, and the Department of Education and they could face substantial unfairness in having to proceed in this action anonymously. For these reasons, the motion to proceed under a pseudonym will be denied.

**Motions to Seal (Docket nos. 18, 31, and 34)**

Plaintiff has filed motions to seal concerning the memorandum in support of the motion for preliminary injunction (Docket no. 18), a certification page (Docket no. 31), and the motion to vacate the September 14, 2022 Order (Docket no. 34). No objection has been filed to these motions to seal and the time for doing so has expired. Under the unusual circumstances of this case and recognizing that plaintiff is proceeding *pro se*, these motions to seal will be granted at this time. The documents that are the subject of these motions to seal will remain under seal until further order of the Court. This ruling may be subject to review at a later time once all parties have appeared.

**Motions to Exceed Page Limits and File Documents on USB Drive (Docket nos. 8, 10).**

Plaintiff filed two motions relating to the motion for preliminary injunction that has now been withdrawn. (Docket nos. 8, 10). Given that plaintiff has withdrawn that motion for preliminary injunction, these motions will be denied without prejudice to be refiled if plaintiff decides to pursue a motion for a preliminary injunction.

For these reasons, the motion to proceed under pseudonym (Docket no. 3) is denied, the pending motions to seal (Docket nos. 18, 31, and 34) are granted, and the motions to exceed page limitations and to file documents by USB drive (Docket nos. 8, 10) are denied without prejudice. Once plaintiff's appeal has been resolved and the issue of whether a filing fee must be paid, plaintiff may be required to refile the complaint and other pleadings without the use of a pseudonym.

4

Entered this 24th day of October, 2022.

                                              /s/
                                John F. Anderson
                                United States Magistrate Judge

Alexandria, Virginia                             John F. Anderson
                                           United States Magistrate Judge