**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1978**

---

JANE DOE,

Plaintiff - Appellant,

v.

ABA ACCREDITED UNIVERSITY; AMERICAN BAR ASSOCIATION; DEPARTMENT OF EDUCATION,

Defendants - Appellees.

---

**No. 22-2186**

---

JANE DOE,

Plaintiff - Appellant,

v.

ABA ACCREDITED UNIVERSITY; AMERICAN BAR ASSOCIATION; DEPARTMENT OF EDUCATION,

Defendants - Appellees.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Patricia Tolliver Giles, District Judge; John Foster Anderson, Magistrate Judge. (1:22-cv-00947-PTG-JFA)

---

Submitted: April 20, 2023 Decided: April 24, 2023

---

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Jane Doe, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jane Doe appeals the district court's orders denying her motions for leave to proceed in forma pauperis, for a temporary restraining order, and to proceed under a pseudonym. For the following reasons, we affirm in part and dismiss in part.

Turning first to the district court's denial of Doe's motion for leave to proceed in forma pauperis, we have jurisdiction over this portion of the appeal because an order denying a motion to proceed in forma pauperis is an appealable interlocutory order. *Roberts v. U.S. Dist. Ct.*, 339 U.S. 844, 845 (1950) (per curiam). We have reviewed the record and discern no reversible error on this point.

Next, Doe argues that the district court erred in denying her motion for a temporary restraining order. Absent exceptional circumstances, the denial of a motion for a temporary restraining order is considered interlocutory and is not appealable. *See Office of Personnel Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-04 (1985). Exceptional circumstances exist where the denial effectively decides the merits of the case. *See Virginia v. Tenneco, Inc.,* 538 F.2d 1026, 1029-30 (4th Cir. 1976). Upon a review of the record, we conclude that no such exceptional circumstances are present in this case. Therefore, we dismiss this portion of Doe's appeal for lack of jurisdiction.

Finally, Doe argues that the district court erred in denying her motion to proceed under a pseudonym. We review the court's decision on this issue for an abuse of discretion, recognizing that "proceeding by pseudonym is a rare dispensation." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (internal quotation marks omitted). We have identified

several factors for district courts to consider in determining whether a party should be allowed to proceed under a pseudonym:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* Upon review of the record, we conclude that the district court properly considered the relevant factors, and we discern no abuse of discretion in the court's denial of Doe's motion.

Accordingly, we affirm in part, dismiss for lack of jurisdiction in part, and deny as moot Doe's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*